UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE P. ROSEMOND                          CIVIL ACTION

VERSUS                                     NO: 08-1145

AIG INSURANCE                              SECTION: "J" (4)

**ORDER AND REASONS**

Before the Court is defendant Homesite Insurance Company's ("Homesite") **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec Doc. 8)**. This motion, which is opposed, was set for hearing on October 29, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that defendant's motion should be denied.

**Background Facts**

On August 28, 2007, plaintiff Jesse Rosemond filed a Petition for Declaratory Judgment and Damages (the "Original Petition") in the Civil District Court for the Parish of Orleans, against a defendant named "AIG Insurance". Def. Mem. in Supp., Rec. D. 8. The Original Petition alleged that "AIG Insurance"

issued a policy to plaintiff insuring the property at 1818 Reynes Street, New Orleans, Louisiana and that this policy was in effect at the time of Hurricane Katrina.  Id.  Plaintiff further alleged that the property sustained damage as a result of Hurricane Katrina and sought to recover damages for loss of use of the property, loss of rents, additional living expenses, loss of enjoyment of the property, diminution in value of the property, repair and remediation expenses, business losses and mental aguish, as well as penalties and attorney's fees under Louisiana law. See Original Pet., Rec. D. 1.  Service was made on "AIG Insurance" through the Louisiana Secretary of State on October 15, 2007 when the petition was mailed by the Secretary of State to AIG Insurance c/o American International Group.  Def. Mem. in Supp., Rec. D. 8.  However, "AIG Insurance" apparently was not the entity that issued plaintiff's policy.

As a result of plaintiff naming the wrong insurer, there appears to have been much confusion as to who the actual insurer was for this claim.  Lexington Insurance Company first received a copy of the suit as it was believed to be a Lexington claim. Def. Reply Mem., Rec. D. 15.  On November 27, 2007, Paul Legard, counsel for Lexington Insurance Company, sent a letter to plaintiff's counsel advising that this was not a claim against Lexington and that there was no legal entity named "AIG Insurance".  Id.  Legard also sought and received from plaintiff

an informal three week extension of time to answer.  Id.

During the month of November 2007, Homesite received a copy of the lawsuit and determined that it was in fact a Homesite claim.  Id.  Subsequently, counsel for Homesite contacted Paul Legard who informed counsel of the informal three week extension of time given by plaintiff's counsel.  Id.  In early December 2007, Homesite's counsel contacted plaintiff's counsel and informed him that his claim was actually against Homesite and that he had named the wrong party as a defendant.[1]  Id.  On December 7, 2007, Homesite's counsel forwarded a copy of the insurance policy to plaintiff.  Id.  At the same time, Homesite's counsel confirmed an extension of the earlier granted extension of time.  Id.

By January 8, 2008, plaintiff had not taken any action to name the correct defendant and dismiss "AIG Insurance".  Id.  On that day Homesite's counsel sent plaintiff's counsel a letter confirming an additional extension of time.  Id.  Subsequently, on January 9, 2008, plaintiff filed a First Supplemental and Amending Petition for Declaratory Judgment and Damages (the

---

[1] A review of the subject home insurance policy reveals how the mistake of suing "AIG Insurance" could have been made.  See Pl. Mem. in Opp'n, Ex. B, R. Doc. 10.  While the policy does state on one page that it is issued by Homesite Insurance Company, the AIG name is printed on several pages of the policy.  Contact information is only provided for the "AIG Homeowners Insurance Program" and one page states in extremely large font "Thank You for choosing AIG Homeowners Insurance Program."

3

"Amending Petition") which substituted Homesite as the defendant in this matter. Id. The Amending Petition was improperly served on Homesite through their counsel on January 29, 2008. Id. However, Homesite filed a formal Motion and Order for Extension of Time to respond to plaintiff's Amending Petition on February 13, 2008. Id.

On February 27, 2008, Homesite removed the case to this Court. By July 17, 2008 Homesite had not filed responsive pleadings. As a result this case was placed on the Court's Call Docket for October 15, 2008. See Rec. D. 4. In the interim, on August 11, 2008 Homesite's counsel informed plaintiff's counsel that Homesite had been improperly served and should have been served through the Louisiana Secretary of State. Def. Reply Mem., Rec. D. 15. Plaintiff then served Homesite through the Secretary of State on August 19, 2008. See Rec. D. 7. Homesite then filed this Motion to Dismiss Pursuant to Rule 12(b)(6).

## The Parties' Arguments

Defendant Homesite seeks dismissal based on prescription pursuant to a Rule 12(b)(6) Motion to Dismiss. Homesite argues that the substitution of Homesite as defendant in place of "AIG Insurance" took place after the applicable prescription period expired. Homesite also asserts that plaintiff's act of filing suit against the non-existent legal entity "AIG Insurance" did

4

not interrupt prescription. Additionally, Homesite contends that because the amendment to the complaint that substituted Homesite as the defendant does not relate back to the Original Petition, the plaintiff's claims against Homsite must be dismissed as prescribed.

In opposition, the plaintiff argues that Homesite's motion should be denied because prescription was interrupted and the Amending Petition relates back to the Original Petition. Plaintiff asserts that his claims against Homesite are not prescribed on the face of the pleadings because prescription was interrupted by the filing of the Original Petition against "AIG Insurance". Finally, plaintiff argues that even if the claim is prescribed on the face of the pleadings his suit against Homesite can be maintained because the Amending Petition relates back to the Original Petition under Louisiana law.

Homesite filed a reply memorandum with the Court that makes similar arguments to those urged in its original memorandum and adds some additional factual details to the history of this case.

## Discussion

As set forth by the Supreme Court in <u>Bell Atlantic Corp. v. Twombly</u>, 127 S. Ct. 1955 (2007), the standard to be applied when deciding a Rule 12(b)(6) motion is not whether it is conceivable that some set of facts could be developed to support the

allegations in the complaint, but rather whether the plaintiffs have stated enough facts in the complaint to allow a court to conclude that it is "plausible" that the plaintiffs are entitled to relief. The Court must accept as true all well-plead allegations and resolve all doubts in favor of the plaintiff. Tanglewood East Homeowners v. Charles-Thomas, Inc., 849 F.2d 1568, 1572 (5th Cir. 1988).

In support of this Motion to Dismiss Pursuant to Rule 12(b)(6), the defendant argues that the plaintiff's claims are prescribed and that the claims cannot be saved using the "relation back" theory. Louisiana law provides a one year prescriptive period for claims for damage to immovable property, commencing from the day the owner knew or should have known of the damage. La. Civ. Code art. 3493. Based on article 3493, damage claims arising from the events of Hurricane Katrina would have prescribed as of August 29, 2006, but the Louisiana legislature extended the period for claims against property insurers arising from Hurricane Katrina until September 1, 2007. La. Rev. Stat. Ann. § 22:658.3(A) (2008). As such, any plaintiff with claims against insurers would have had to file suit before September 1, 2007 to prevent his claim from prescribing. However, this prescriptive period can be interrupted by the filing of suit in a court of competent jurisdiction and venue. La. Civ. Code art. 3462. "Prescription is interrupted when the

owner commences action against the possessor, or when the obligee commences action against the obligor, in a court of competent jurisdiction or venue." La. Civ. Code art. 3462. Moreover, "when the plaintiff's petition is clearly prescribed on its face . . . the burden shifts to the plaintiff to prove that prescription has been suspended or interrupted." <u>Rizer v. Am. Sur. & Fidelity Ins. Co.</u>, 669 So.2d 387, 388 (La. 1996) (citations omitted).

In the present case, there is no dispute that plaintiff filed his original complaint on August 28, 2007, prior to the expiration of the prescriptive period. However, the amendment adding Homesite as a defendant in this action was not filed until January 9, 2008 and proper service was not made until August 26, 2008. As a result, the claims against Homesite, first filed on January 9, 2008 would be prescribed unless the prescriptive period was interrupted by plaintiff filing the Original Petition on August 28, 2007. The plaintiff argues that by filing suit against "AIG Insurance" on August 28, 2007, prescription was interrupted under article 3462. Homesite urges that "AIG Insurance" is not a proper party under article 3462 because it is a fictitious entity, and thus filing the Original Petition did not interrupt the prescriptive period.

Plaintiff's filing of suit on August 28, 2007 against the lone defendant "AIG Insurance" did not interrupt the prescriptive period. Louisiana courts have held that "[p]rescription is not

7

interrupted as to an actual defendant when only a fictitious defendant is named in a petition, unless prescription is interrupted by some other means." Gallina v. Hero Lands Co., 859 So. 2d 758, 767 n. 6 (La. Ct. App. 4th Cir. 2003) (quoting Hill v. Shell Oil Co., 760 So. 2d 511, 512-13 (La. Ct. App. 5th Cir. 2000). Plaintiff contends that "AIG Insurance" is not a fictitious entity. In support of this proposition, plaintiff asserts in his Memorandum in Opposition that he has verified that "AIG Insurance" is a "true entity recognized by the Louisiana Secretary of State" and attaches as exhibit I to his Memorandum a print out from the Corporations Database of the Louisiana Secretary of State. Pl.'s Mem. in Opp'n, Ex. I, R. Doc. 10. However, the print out provided by plaintiff demonstrates that an entity named "AIG Insurance Services, Inc." not "AIG Insurance" is recognized by the Louisiana Secretary of State. Id. Further, the print out indicates that as of February 3, 2005 AIG Insurance Services, Inc. was merged into AIG Domestic Claims, Inc. Id. The corporations database shows that AIG Insurance Services, Inc. has been marked with a status of "Not Active" since at least August 5, 2004. Id. The evidence provided by the plaintiff shows that "AIG Insurance" is not a legal entity recognized by the Louisiana Secretary of State. Additionally, the plaintiff has not identified any "other means" by which prescription was interrupted in this case. Thus, because the Original Petition

named a fictitious entity as the defendant that filing did not interrupt the prescriptive period and plaintiff's claims against Homesite first filed on January 9, 2008 are prescribed on the face of the Amended Petition.

Although the plaintiff's Amending Petition is prescribed, it is possible that the late-filed claims against Homesite may be maintained if they "relate back" to the Original Petition that was filed within the prescriptive period. Both Louisiana and federal procedure allow for late-filed amendments to relate back to timely filed claims under certain circumstances. Federal Rule of Civil Procedure 15(c)[2] provides the federal test while

---

[2]Federal Rule of Civil Procedure 15(c) provides:
    An amendment to a pleading relates back to the date of the original pleading when:
    (A) the law that provides the applicable statute of limitations allows relation back;
    (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out–or attempted to be set out–in the original pleading; or
    © the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
        (I) received such notice of the action that it will not be prejudiced in defending on the merits; and
        (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

9

Louisiana Code of Civil Procedure article 1153[3] provides the state analysis for the applicability of the relation back mechanism. Louisiana Civil Code of Procedure article 1153 was based on Federal Rule of Civil Procedure 15(c). See Findley v. City of Baton Rouge, 570 So. 2d 1168, 1170 (La. 1990). Furthermore, the Louisiana Supreme Court has interpreted Louisiana Civil Code of Procedure article 1153 to permit application of relation back under the same circumstances as Federal Rule of Civil Procedure 15(c). See Ray v. Alexandria Mall, 434 So. 2d 1083 (La. 1983)(permitting relation back when the Rule 15(c) criteria are met and the substitute defendant is

---

[3]Louisiana Code of Civil Procedure article 1153 provides: "When the action of defense asserted in the amended petition or answer arises out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of filing the original pleading."
The Louisiana Supreme Court has interpreted this article to create a four-prong analysis for determining whether relation back is allowed:
   (1) The amended claim must arise out of the same transaction or occurrence set forth in the original pleading;
   (2) The purported substitute defendant must have received notice of the institution of the action such that he will not be prejudiced in maintaining a defense on the merits;
   (3) The purported substitute defendant must know or should have known that but for a mistake concerning the identity of the proper party defendant, the action would have been brought against him;
   (4) The purported substitute defendant must not be a wholly new or unrelated defendant, since this would be tantamount to assertion of a new cause of action which would have otherwise prescribed.
Ray v. Alexandria Mall, 434 So. 2d 1083, 1087 (La. 1083).

not a wholly new or unrelated defendant).

This Court has previously stated the relation back test as "when an amended complaint changes the name of a party or substitutes a new party, (1) it must arise out of the same circumstances asserted in the original pleading, (2) the new party must have received sufficient notice of the action so as not to be prejudiced, (3) the proper party must at least have constructive knowledge that but for a mistake concerning the identity of the proper party, suit would have been brought against it, and (4) the second and third requirements must occur within 120 days of the original complaint, or longer if good cause is shown." First Emmanuel Baptist Church v. Colony Ins. Co., No. 07-8841, 2008 WL 4948778, at *2 (E.D. La. Nov. 18, 2008)(Africk, J.) (quoting Allstate Ins. Co. v. Torres, No. 06-5206, 2007 WL 3102791, at *3 (E.D. La. Oct. 23, 2007)).

In this case, there is no doubt that the Amending Petition, which substituted Homesite for "AIG Insurance" as the defendant, arises out of the same circumstance as the Original Petition, that circumstance being the damage to the plaintiff's property as a result of Hurricane Katrina. It is also clear from the history of this case that Homesite received sufficient notice of the action, specifically within 120 days of the filing of the Original Petition, and has not been prejudiced. Homesite has not and cannot identify any prejudice that has resulted to them as a

result of the Amending Petition.  By November 2007 Homesite was aware of this lawsuit and was able to take advantage of several extensions of time to answer the complaint.  At the time Homesite became aware of the complaint the litigation had not begun in earnest, and for all practical purposes it had not begun at all because of the confusion regarding the proper defendant.  This confusion was ended by Homesite itself when it contacted plaintiff's counsel and informed him that it should be the proper defendant.  This is not a circumstance where Homesite was suddenly thrust into an ongoing case.  Since Homesite informed the plaintiff shortly after the filing of the Original Petition that they were the proper defendant, it can hardly claim any prejudice from being substituted as the defendant.  Similarly, Homesite not only had constructive notice that but for a mistake the suit would have been brought against it, Homesite had actual knowledge of the mistake and informed plaintiff of the mistake. By November 2007 Homesite knew that they were the party that should have been sued.  In early December 2007 Homesite itself informed the plaintiff of the mistake, and again in January 2008 prompted the plaintiff to file the Amending Petition.  All of this occurred while Homesite was benefitting from various extensions of time to answer the complaint and before any other activity had taken place in the case.

    Under these unique circumstances the relation back test is

satisfied and the Amending Petition does relate back to the Original Petition.  The claims in the Amending Petition are the same as those in the Original Petition and all relate to the damage to plaintiff's property as a result of Hurricane Katrina. Within 120 days of the filing of the Original Petition, Homesite knew that a mistake had been made and that they were the proper defendant.  Homesite went so far as to inform the plaintiff of the mistake.  Most importantly, Homesite was not prejudiced in any manner by the filing of the Amending Petition and correction of the mistake that they themselves first discovered and brought to the plaintiff's attention.  Accordingly,

**IT IS ORDERED** that the defendant's **Motion to Dismiss Pursuant to Rule 12(b)(6) (Rec Doc. 8)** is hereby **DENIED.**

New Orleans, Louisiana, this 9th day of January, 2009.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE