UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JESSE P. ROSEMOND                         CIVIL ACTION

VERSUS                                    NO: 08-1145

AIG INSURANCE, ET AL                      SECTION: "J" (4)

**ORDER AND REASONS**

Before the Court is the defendant Homesite Insurance Company's **Motion for Reconsideration of Court Order Denying Motion to Dismiss (Rec. Doc. 17)**. This motion, which is opposed, was set for hearing on February 18, 2009 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that defendant's motion should be denied.

**Background Facts**

On August 28, 2007, plaintiff Jesse Rosemond filed a Petition for Declaratory Judgment and Damages (the "Original Petition") in the Civil District Court for the Parish of Orleans, against a defendant named "AIG Insurance". The Original Petition alleged that "AIG Insurance" issued a policy to plaintiff

insuring the property at 1818 Reynes Street, New Orleans, Louisiana and that this policy was in effect at the time of Hurricane Katrina.  Plaintiff further alleged that the property sustained damage as a result of Hurricane Katrina and sought to recover damages for loss of use of the property, loss of rents, additional living expenses, loss of enjoyment of the property, diminution in value of the property, repair and remediation expenses, business losses and mental aguish, as well as penalties and attorney's fees under Louisiana law.  Service was made on "AIG Insurance" through the Louisiana Secretary of State on October 15, 2007 when the petition was mailed by the Secretary of State to AIG Insurance c/o American International Group.  However, "AIG Insurance" is not a legal entity that is recognized by the Louisiana Secretary of State.

As a result of plaintiff naming a non-existent insurer, there appears to have been much confusion as to who the actual insurer was for this claim.  Lexington Insurance Company first received a copy of the suit as it was believed to be a Lexington claim.  On November 27, 2007, Paul Legard, counsel for Lexington Insurance Company, sent a letter to plaintiff's counsel advising that this was not a claim against Lexington and that there was no legal entity named "AIG Insurance".  Legard also sought and received from plaintiff an informal three week extension of time to answer.

2

During the month of November 2007, Homesite received a copy of the lawsuit and determined that it was in fact a Homesite claim. Subsequently, Nora Bilbro, counsel for Homesite, contacted Paul Legard who informed her of the informal three week extension of time given by plaintiff's counsel. In early December 2007, Ms. Bilbro contacted plaintiff's counsel and informed him that his claim was actually against Homesite and that he had named the wrong party as a defendant. On December 7, 2007, Ms. Bilbro forwarded a copy of the insurance policy to plaintiff. At the same time, Ms. Bilbro confirmed an extension of the earlier granted extension of time.

By January 8, 2008, plaintiff had not taken any action to name the correct defendant and dismiss "AIG Insurance". On that day Ms. Bilbro sent plaintiff's counsel a letter confirming an additional extension of time. Subsequently, on January 9, 2008, plaintiff filed a First Supplemental and Amending Petition for Declaratory Judgment and Damages (the "Amending Petition") which substituted Homesite as the defendant in this matter. The Amending Petition was improperly served on Homesite through Ms. Bilbro on January 29, 2008. However, Homesite filed a formal Motion and Order for Extension of Time to respond to plaintiff's Amending Petition on February 13, 2008.

On February 27, 2008, Homesite removed the case to this Court. By July 17, 2008 Homesite had not filed responsive

pleadings. As a result this case was placed on the Court's Call Docket for October 15, 2008. In the interim, on August 11, 2008 Ms. Bilbro informed plaintiff's counsel that Homesite had been improperly served and should have been served through the Louisiana Secretary of State. Plaintiff then served Homesite through the Secretary of State on August 26, 2008. Homesite then filed a Motion to Dismiss Pursuant to Rule 12(b)(6) based on prescription. On January 12, 2009 the Court denied Homesite's Motion to Dismiss. In denying the motion the Court found that the plaintiff's Original Petition naming a non-existant defendant did not interrupt prescription. However, the Court went on to apply the relation back test to find that the plaintiff's Amended Petition related back to the Original Petition and therefore the plaintiff could maintain this suit.

### The Parties' Arguments

Homesite brings this Motion for Reconsideration pursuant to Federal Rule of Civil Procedure 59 because this motion was filed within ten days of the Court's Order and Reasons denying the Motion to Dismiss. In support of the motion, Homesite argues that the extraordinary relief of reconsideration should be granted to correct a manifest error of law and to prevent a manifest injustice. Specifically, Homesite contends that this Court erred in applying the relation back test found in Federal

4

Rule of Civil Procedure 15(c) instead of the relation back test provided by Louisiana Code of Civil Procedure article 1153. Homesite argues that these two tests are different and that because the plaintiff's Amended Petition was filed in state court prior to the removal of this case, this Court must apply the Louisiana test. Homesite asserts that under the Louisiana test it is necessary that they have received notice of this lawsuit prior to the end of the prescriptive period whereas under the federal rules relation back could apply if Homesite received notice of the lawsuit within 120 days after the prescriptive date. Since it did not receive notice until after the plaintiff's claims had prescribed, Homesite argues that the plaintiff's Amended Petition cannot relate back under the Louisiana test and therefore the claims are prescribed and the case should be dismissed.

The plaintiff has filed an opposition to argue that Louisiana law and the Federal Rules of Civil Procedure allow relation back under similar circumstances and that the Louisiana Supreme Court has interpreted Louisiana Code of Civil Procedure article 1153 to allow relation back in the same circumstances as under the federal rules. The plaintiff contends that Homesite has not presented sufficient grounds to justify reconsideration of the denial of the Motion to Dismiss.

## Discussion

A motion for a new trial or for reconsideration is considered under Federal Rules of Civil Procedure 59 or 60. Such a motion is considered under Rule 59(e) when it is filed no later than ten days after the Court's judgment. Defendant's present motion was filed within the ten day period following entry of the Court's Order and Reasons denying the motion to dismiss, and thus is considered a motion for a new trial or to alter or amend a judgment under Rule 59. "A motion to alter or amend the judgment under Rule 59(e) must clearly establish either a manifest error of law or fact or must present newly discovered evidence and cannot be used to raise arguments which could, and should, have been made before the judgment issued." Schiller v. Physicians Resource Group Inc., 342 F.3d 563, 567 (5th Cir. 2003)(citations and internal quotations omitted). "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." SPE FO Holdings, LLC v. Retif Oil & Fuel, LLC, No. 07-3779, 2008 WL 3285907, at *3 (E.D. La. Aug. 6, 2008). "A district court has considerable discretion to grant or deny a motion for new trial under Rule 59." Kelly v. Bayou Fleet, Inc., No. 06-6871, 2007 WL 3275200, at *1 (E.D. La. Nov. 6, 2007). Reconsideration of an earlier order is an extraordinary remedy that should be granted sparingly. Id.

6

Homesite's present motion for reconsideration is based on its argument that the Court made a manifest error of law in concluding that the plaintiff's Amending Petition related back to the Original Petition.  Specifically, Homesite argues that the Louisiana relation back test differs from the relation back test under the Federal Rules of Civil Procedure, that the Louisiana test should apply in this case because the Amended Petition was filed in state court prior to removal, and that the Amended Petition fails the Louisiana relation back test because Homesite did not have notice of the lawsuit prior to the date of prescription.

The argument that Homesite raises in this Motion for Reconsideration was previously raised in its memorandum supporting the Motion to Dismiss and was specifically addressed by the Court in the Order and Reasons denying the Motion to Dismiss.  Homesite devoted an entire section, entitled "Louisiana law regarding prescription is controlling," of its memorandum in support of the Motion to Dismiss to the same argument that it now raises again in this motion to reconsider.  <u>See</u> Mem. in Supp., Rec. D. 8.  In the Order and Reasons denying the Motion to Dismiss this Court directly addressed this issue.  <u>See</u> Order and Reasons, Rec. D. 16.  After quoting in full the Louisiana relation back test and the federal test contained in Federal Rule of Civil Procedure 15(c), the Court discussed the similarities

7

between the two sets of criteria.  Id.  "Louisiana Civil Code of Procedure article 1153 was based on Federal Rule of Civil Procedure 15(c).  See Findley v. City of Baton Rouge, 570 So. 2d 1168, 1170 (La. 1990).  Furthermore, the Louisiana Supreme Court has interpreted Louisiana Civil Code of Procedure article 1153 to permit application of relation back under the same circumstances as Federal Rule of Civil Procedure 15(c).  See Ray v. Alexandria Mall, 434 So. 2d 1083 (La. 1983)(permitting relation back when the Rule 15(c) criteria are met and the substitute defendant is not a wholly new or unrelated defendant)."  Id.  The Fifth Circuit has also recognized that "[t]he four-prong federal and Louisiana tests for relation back are identical."  Braud v. Transport Serv. Co. of Ill., 445 F.3d 801, 808 n. 15 (5th Cir. 2006).  Having discussed the similarities between Louisiana Code of Civil Procedure article 1153 and Federal Rule of Civil Procedure 15(c), the Court, in the Order and Reasons, went on to conduct the relation back analysis.  The Court specifically focused on the fact that Homesite had not and could not identify any prejudice that resulted to it as a result of being substituted as the defendant in the Amended Petition.  Homesite itself informed the plaintiff that it was the proper defendant, and, not surprisingly, shortly thereafter was substituted as the defendant in the Amended Petition.  After addressing the same issue raised in the present motion, the Court found that the

Amended Petition relates back to the Original Petition.

The issues raised in this Motion for Reconsideration were directly addressed by the Court in the Order and Reasons denying the Motion to Dismiss. Homesite has raised no new arguments in the present motion. Instead, Homesite has rehashed its old arguments with case support from other jurisdictions that does not discuss the relationship between the Louisiana relation back test and the federal test. Homesite has not demonstrated that it is entitled to the extraordinary remedy of reconsideration.

Accordingly,

**IT IS ORDERED** that defendant Homesite Insurance Company's **Motion for Reconsideration of Court Order Denying Motion to Dismiss (Rec. Doc. 17)** is hereby **DENIED**.

New Orleans, Louisiana, this 1st day of May, 2009.

CARL J. BARBIER
UNITED STATES DISTRICT JUDGE